# Exhibit B

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

Jacob D. Shelly*
Qizhou Ge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
jshelly@elias.law
age@elias.law

William Meheula (#2277)
**MEHEULA LAW**
500 Ala Moana Blvd., Suite 3-499
Honolulu, Hawaii 96813
(808) 628-7535
Bill@MeheulaLaw.com

*Counsel for Proposed Intervenor-Defendant*
*NAACP California-Hawaii State Conference*

*\*Pro hac vice application forthcoming*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br>v.<br><br>SCOTT NAGO, in his official capacity as Chief Elections Officer for the State of Hawaii,<br><br>    *Defendant*. | Case No. 1:25-cv-00522-LEK-RT |

### NAACP CALIFORNIA-HAWAII STATE CONFERENCE'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Proposed Intervenor-Defendant NAACP California-Hawaii State Conference answers Plaintiff's Complaint (ECF No. 1) as follows:

### INTRODUCTION[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text and state that the statute and opinion speak for themselves. Proposed Intervenor

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid the comparison between the Plaintiff's Complaint and the Proposed Intervenor's Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

2

otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and state that the statute speaks for itself. Proposed Intervenor otherwise denies the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenor otherwise denies the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text and state that the opinions speak for themselves. Proposed Intervenor otherwise denies the allegations.

## I. JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required,

Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant is located in and conducts election administration activities in Hawaii.

## II.   PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the CRA, the NVRA, and HAVA. Proposed Intervenor denies that those enforcement authorities authorize this action.

8. Proposed Intervenor admits the allegations in Paragraph 8.

## BACKGROUND

9. Proposed Intervenor denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor incorporates their answers to Paragraphs 11–16, *infra*.

**The National Voter Registration Act**

11. Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and that Defendant Nago is the chief election official of the State of Hawaii. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**The Help America Vote Act**

14. Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Civil Rights Act

16. Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records under certain circumstances. Proposed Intervenor denies that authority permits the action here.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

19. Proposed Intervenor admits that the Assistant Attorney General for Civil Rights sent a letter to Officer Nago on September 8, 2025 (the "September 8 Letter"), and that the letter referred to compliance with federal election law. Proposed Intervenor otherwise denies the allegations.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. Proposed Intervenor admits that the September 8 Letter requested a copy of Hawaii's statewide voter registration list ("VRL") within fourteen days of the date of the letter, and that the September 8 Letter also requested that Hawaii provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"). Proposed Intervenor denies that Plaintiff is entitled to this information under HAVA or any other law.

21. Proposed Intervenor admits the allegations in Paragraph 21.

22. Proposed Intervenor admits that on September 22, 2025, Officer Nago sent a letter to the Department of Justice, and that the letter contains the quoted text. That letter speaks for itself. To the extent a further response is required, Proposed Intervenor admits the allegations in Paragraph 22.

23. Proposed Intervenor admits that on September 22, 2025, Officer Nago sent a letter to the Department of Justice, and that the letter contains the quoted text.

That letter speaks for itself. Proposed Intervenor otherwise lacks sufficient information to form an opinion as to the truth or falsity of the allegations in Paragraph 23.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the September 8 Letter contained the quoted language. That letter speaks for itself. Proposed Intervenor otherwise denies the allegations.

25. Proposed Intervenor admits that Eric Neff sent an email on December 1, 2025, but denies that the email contains the quoted text. That email speaks for itself. Proposed Intervenor otherwise denies the allegations.

26. Proposed Intervenor admits that Deputy Solicitor General Hughes and Mr. Neff exchanged email correspondence on December 1 and December 2, 2025, and that Mr. Hughes's December 2 email contains the quoted text. Those emails speak for themselves. Proposed Intervenor otherwise lacks sufficient information to form an opinion as to the truth or falsity of the allegations in Paragraph 26.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response

8

is required, Proposed Intervenor admits that a document which Plaintiff purports was a demand for election records was sent to Officer Nago on September 8, 2025. Proposed Intervenor otherwise denies the allegations.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations in Paragraph 28.

29. Proposed Intervenor admits the allegations in Paragraph 29.

Immediately following Paragraph 29, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.      Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 17, 2025                Respectfully submitted,

                                        /s/ William Meheula
                                        William Meheula (#2277)
                                        **MEHEULA LAW**
                                        500 Ala Moana Blvd., Suite 3-499
                                        Honolulu, Hawaii 96813
                                        (808) 628-7535
                                        Bill@MeheulaLaw.com

                                        Abha Khanna*
                                        **ELIAS LAW GROUP LLP**
                                        1700 Seventh Ave., Suite 2100
                                        Seattle, WA 98101
                                        (206) 656-0177
                                        akhanna@elias.law

                                        Jacob D. Shelly*
                                        Qizhou Ge*
                                        **ELIAS LAW GROUP LLP**
                                        250 Massachusetts Ave. NW, Suite 400
                                        Washington, DC 20001
                                        (202) 968-4490
                                        jshelly@elias.law
                                        age@elias.law

                                        *Counsel for Proposed Intervenor-Defendant NAACP California-Hawaii State Conference*

                                        * *Pro Hac Vice Applications Forthcoming*

11