Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

Jacob D. Shelly*
Qizhou Ge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
jshelly@elias.law
age@elias.law

William Meheula (#2277)
**MEHEULA LAW**
500 Ala Moana Blvd., Suite 3-499
Honolulu, Hawaii 96813
(808) 628-7535
Bill@MeheulaLaw.com

*Counsel for Intervenor-Defendant*
*NAACP California-Hawaii State Conference*

*\*Admitted pro hac vice*

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

SCOTT NAGO, in his official capacity
as Chief Elections Officer for the State
of Hawaii,

    *Defendant*.

Case No. 1:25-cv-00522-LEK-RT

## NAACP CALIFORNIA-HAWAII STATE CONFERENCE'S ANSWER TO PLAINTIFF'S COMPLAINT

Intervenor-Defendant NAACP California-Hawaii State Conference answers Plaintiff's Complaint (ECF No. 1) as follows:

### INTRODUCTION[1]

1.    Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute and opinion cited contain the quoted text and state that the statute and opinion speak for themselves. Intervenor otherwise denies the

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid the comparison between the Plaintiff's Complaint and the Intervenor's Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Intervenor.

2

allegations.

2.      Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text and state that the statute speaks for itself. Intervenor otherwise denies the allegations.

3.      Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the opinion cited contains the quoted text and state that the opinion speaks for itself. Intervenor otherwise denies the allegations.

4.      Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the opinions cited contain the quoted text and state that the opinions speak for themselves. Intervenor otherwise denies the allegations.

## I.      JURISDICTION AND VENUE

5.      Paragraph 5 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff.

6.      Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required,

Intervenor admits that Defendant is located in and conducts election administration activities in Hawaii.

## II.     PARTIES

7.     Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the CRA, the NVRA, and HAVA. Intervenor denies that those enforcement authorities authorize this action.

8.     Intervenor admits the allegations in Paragraph 8.

### BACKGROUND

9.     Intervenor denies the allegations in Paragraph 9.

10.     Paragraph 10 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor incorporates their answers to Paragraphs 11–16, *infra*.

### The National Voter Registration Act

11.     Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text and that Defendant Nago is the chief election official of the State of Hawaii. The statute otherwise speaks for itself.

4

12.     Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13.     Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## The Help America Vote Act

14.     Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## The Civil Rights Act

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response

is required, Intervenor admits that the CRA grants the Attorney General certain authority to request some records under certain circumstances. Intervenor denies that authority permits the action here.

17.    Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

18.    Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

19.    Intervenor admits that the Assistant Attorney General for Civil Rights sent a letter to Officer Nago on September 8, 2025 (the "September 8 Letter"), and that the letter referred to compliance with federal election law. Intervenor otherwise denies the allegations.

20.    Paragraph 20 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. Intervenor admits that the September 8 Letter requested a copy of Hawaii's statewide voter registration list

("VRL") within fourteen days of the date of the letter, and that the September 8 Letter also requested that Hawaii provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"). Intervenor denies that Plaintiff is entitled to this information under HAVA or any other law.

21.    Intervenor admits the allegations in Paragraph 21.

22.    Intervenor admits that on September 22, 2025, Officer Nago sent a letter to the Department of Justice, and that the letter contains the quoted text. That letter speaks for itself. To the extent a further response is required, Intervenor admits the allegations in Paragraph 22.

23.    Intervenor admits that on September 22, 2025, Officer Nago sent a letter to the Department of Justice, and that the letter contains the quoted text. That letter speaks for itself. Intervenor otherwise lacks sufficient information to form an opinion as to the truth or falsity of the allegations in Paragraph 23.

24.    Paragraph 24 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that the September 8 Letter contained the quoted language. That letter speaks for itself. Intervenor otherwise denies the allegations.

25.    Intervenor admits that Eric Neff sent an email on December 1, 2025, but denies that the email contains the quoted text. That email speaks for itself.

Intervenor otherwise denies the allegations.

26.     Intervenor admits that Deputy Solicitor General Hughes and Mr. Neff exchanged email correspondence on December 1 and December 2, 2025, and that Mr. Hughes's December 2 email contains the quoted text. Those emails speak for themselves. Intervenor otherwise lacks sufficient information to form an opinion as to the truth or falsity of the allegations in Paragraph 26.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27.     Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor admits that a document which Plaintiff purports was a demand for election records was sent to Officer Nago on September 8, 2025. Intervenor otherwise denies the allegations.

28.     Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Intervenor denies the allegations in Paragraph 28.

29.     Intervenor admits the allegations in Paragraph 29.

Immediately following Paragraph 29, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.     Plaintiff has failed to establish entitlement to injunctive relief.

4.     The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.     Plaintiff lacks authority to bring a cause of action.

## INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaiʻi, January 6, 2026.

Respectfully submitted,

/s/ *William Meheula*
William Meheula (#2277)
**MEHEULA LAW**
500 Ala Moana Blvd., Suite 3-499
Honolulu, Hawaii 96813
(808) 628-7535
Bill@MeheulaLaw.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

Jacob D. Shelly*
Qizhou Ge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
jshelly@elias.law
age@elias.law

*Counsel for Intervenor-Defendant*
*NAACP California-Hawaii State Conference*

*\* Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br>v.<br><br>SCOTT NAGO, in his official capacity as Chief Elections Officer for the State of Hawaii,<br><br>    *Defendant*. | Case No. 1:25-cv-00522-LEK-RT<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that a copy of the foregoing document will be served on all

parties in accordance with Fed. R. Civ. P. 5(a).

DATED: Honolulu, Hawaiʻi, January 6, 2026.

/s/ *William Meheula*
WILLIAM MEHEULA, ESQ.
ABHA KHANNA, ESQ. (*pro hac vice*)
JACOB D. SHELLY, ESQ. (*pro hac vice*)
QIZHOU GE, ESQ. (*pro hac vice*)
