```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     vs.<br><br>SCOTT NAGO, IN HIS OFFICIAL<br>CAPACITY AS CHIEF ELECTIONS<br>OFFICER FOR THE STATE OF HAWAII;<br><br>              Defendant. | CIV. NO. 25-00522 LEK-RT |

**ORDER REJECTING THE PARTIES' STIPULATION AND
DENYING THE MOTION OF COMMON CAUSE, NEIL ABERCROMBIE,
<u>AND KATHERINE HAMMES TO INTERVENE AS DEFENDANTS</u>**

On January 14, 2026, Proposed Intervenor-Defendants Common Cause, Neil Abercrombie, and Katherine Hammes filed a motion to intervene as defendants in this case ("Proposed Intervenors" and "Motion"). [Dkt. no. 24.] The Motion is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On February 4, 2026, counsel for the Proposed Intervenors submitted the parties' Stipulation Regarding Motion to Intervene of Common Cause, Neil Abercrombie and Katherine Hammes ("Stipulation") for this Court's approval. The Stipulation is attached to this Order as Exhibit 1. For the reasons set forth below, the parties'

Stipulation is rejected and the Proposed Intervenors' Motion is denied.

## DISCUSSION

The Proposed Intervenors first argue they are entitled to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a). See Motion, Mem. in Supp. at 13-21.

> An applicant for intervention as of right bears the burden of demonstrating that: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks and citation omitted); United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). In evaluating a Rule 24(a) motion, a court should be "guided primarily by practical and equitable considerations," and the requirements should be construed "broadly in favor of the proposed intervenors." Callahan [v. Brookdale Senior Living Comms., Inc.], 42 F.4th [1013,] 1020 (9th Cir. 2022) (internal quotation marks and citations omitted). That said, failure to satisfy any **one** of the four elements under Rule 24(a), see Prete, 438 F.3d at 954, results in denial of intervention. Perry [v. Proposition 8 Off. Proponents], 587 F.3d [947,] 950 [(9th Cir. 2009)].

Hawai`i Legal Short-Term Rental All. v. City & Cnty. of Honolulu, Case No. 22-cv-247-DKW-RT, 2022 WL 17585851, at *1 (D. Hawai`i Dec. 12, 2022).

2

This Court concludes that the Proposed Intervenors have not established that Defendant Scott T. Nago, in his official capacity as Chief Elections Officer for the State of Hawai`i ("Defendant"), will inadequately represent the interests that the Proposed Intervenors seek to protect. Because Defendant is a government official acting on behalf of voters in the State of Hawai`i, Defendant is presumed to adequately represent that constituency. See Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) ("In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1909, at 332 (1986))). The Proposed Intervenors have failed to overcome that presumption. This Court therefore concludes that Proposed Intervenors are not entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

In the alternative, the Proposed Intervenors urge this Court to grant permissive intervention pursuant to Rule 24(b). [Motion, Mem. in Supp. at 21-24.]

> A trial court has broad discretion to grant permissive intervention if the applicant demonstrates that it (1) possesses a claim which "shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."

> Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). Consideration of the three threshold elements under Rule 24(b) is not the end of the inquiry: the court retains discretion to deny intervention even where the three factors are met. Id.; Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

Hawai`i Legal Short-Term Rental All., 2022 WL 17585851, at *2. Rule 24(b)(3) states that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

This Court acknowledges that, on January 5, 2026, it issued an entering order granting Proposed Intervenor-Defendant NAACP California-Hawaii State Conference's ("NAACP CA-HI") request to intervene pursuant to Rule 24(b) ("1/5 EO"). Dkt. no. 20; see also NAACP California-Hawaii State Conference's Motion to Intervene as Defendant, filed 12/17/25 (dkt. no. 7). Like NAACP CA-HI, the Proposed Intervenors have established that they have "a claim or defense that shares with the main action a common question of law or fact." See 1/5 EO; Fed. R. Civ. P. 24(b)(1)(B). However, the 1/5 EO does not require the same result as to the instant Motion because the circumstances of the two proposed interventions are distinguishable. In particular, when the 1/5 EO was issued, Defendant had not yet appeared in this case. See, e.g., Notice of Appearance of Counsel, filed 1/22/26 (dkt. no. 36) (filed by one of Defendant's counsel). Now that Defendant has appeared in this case, and because Defendant

4

will adequately represent the interests that the Proposed Intervenors seek to protect, this Court finds that allowing the Proposed Intervenors to intervene would not aid this Court in its determination of the issues in this case and would "unduly delay . . . the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b)(3). Therefore, this Court, in the exercise of its discretion, denies the Proposed Intervenors' Motion.

The denial of the Proposed Intervenors' Motion is without prejudice, insofar as they may choose to move for leave to file an amicus brief. Such a motion is not subject to as stringent requirements as a motion to intervene. Cf. Hawaiian Kingdom v. Biden, CIV. NO. 21-00243 LEK-RT, 2021 WL 4956507, at *1 (D. Hawai`i Sept. 30, 2021) ("When determining whether to grant leave to file an amicus brief, courts consider whether the briefing 'supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration.'" (alterations in Hawaiian Kingdom) (quoting Miller-Wohl Co. v. Commissioner of Labor & Indus., 694 F.2d 203, 204 (9th Cir. 1982))).

## CONCLUSION

For the foregoing reasons, the Motion of Common Cause, Neil Abercrombie, and Katherine Hammes to Intervene as Defendants, filed January 14, 2026, is HEREBY DENIED WITHOUT

PREJUDICE to the filing of a motion for leave to file an amicus brief.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 17, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**UNITED STATES OF AMERICA VS. SCOTT NAGO, ETC; CV 25-00522 LEK-RT; ORDER REJECTING THE PARTIES' STIPULATION AND DENYING THE MOTION FOR COMMON CAUSE, NEIL ABERCROMBIE, AND KATHERINE HAMMES TO INTERVENE AS DEFENDANTS**