**ACLU of Hawai‘i Foundation**
EMILY M. HILLS 11208
JONGWOOK "WOOKIE" KIM 11020
P.O. Box 3410
Honolulu, HI 96801
T: (808) 522-5905
F: (808) 522-5909
ehills@acluhawaii.org
wkim@acluhawaii.org

**American Civil Liberties Union Foundation**
THERESA J. LEE*
ETHAN HERENSTEIN*
WILLIAM HUGHES*
SOPHIA LIN LAKIN*
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2500
F: (332) 234-9285
tlee@aclu.org
eherenstein@aclu.org
whughes@aclu.org
slakin@aclu.org

**Admitted* Pro Hac Vice

*Counsel for Proposed Amici Curiae*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAI‘I**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

SCOTT NAGO, in his official capacity as Chief Elections Officer for the State of Hawaii,

*Defendant*.

No. 1:25-cv-00522-LEK-RT

**MOTION OF COMMON CAUSE, NEIL ABERCROMBIE, AND KATHERINE HAMMES FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE*; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE**

Hearing: April 3, 2026 at 11:00 a.m.
Judge: Hon. Leslie E. Kobayashi
Trial Date: TBD
Related: ECF Nos. 1, 5, 52, 53

**MOTION OF COMMON CAUSE, NEIL ABERCROMBIE, AND KATHERINE HAMMES FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE***

Common Cause, Neil Abercrombie, and Katherine Hammes, by and through their attorneys, respectfully move for leave to file a brief as *amici curiae* in support of Defendant and Defendant-Intervenors' motions to dismiss. This motion is based on the attached memorandum and is submitted in the interests of justice for the benefit of the Court.

This motion is made following the conference of counsel pursuant to LR7.8 which took place on February 26 and February 27, 2026. Defendant consents, Intervenor-Defendant takes no position, and Plaintiff opposes.

Dated: February 27, 2026

Respectfully submitted,

/s/ *Emily M. Hills*

EMILY M. HILLS 11208
JONGWOOK "WOOKIE" KIM 11020
ACLU of Hawaii Foundation
P.O. Box 3410
Honolulu, HI 96801
T: (808) 522-5905
F: (808) 522-5909
ehills@acluhawaii.org
wkim@acluhawaii.org

THERESA J. LEE*
ETHAN HERENSTEIN*
WILLIAM HUGHES*
SOPHIA LIN LAKIN*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org
eherenstein@aclu.org
whughes@aclu.org
slakin@aclu.org

**Admitted* pro hac vice

*Attorneys for Proposed Amici Curiae Common Cause, Neil Abercrombie, and Katherine Hammes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAI‘I**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>SCOTT NAGO, in his official capacity as Chief Elections Officer for the State of Hawaii,<br><br>*Defendant*. | No. 1:25-cv-00522-LEK-RT<br><br>**MEMORANDUM OF COMMON CAUSE, NEIL ABERCROMBIE, AND KATHERINE HAMMES IN SUPPORT OF MOTION FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE** |

**MEMORANDUM OF COMMON CAUSE, NEIL ABERCROMBIE, AND KATHERINE HAMMES IN SUPPORT OF MOTION FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE***

## INTRODUCTION

The United States seeks to force Hawai‘i to turn over voters’ sensitive personal information and data. It has been widely reported that the United States will use this data to build an unauthorized national voter database and to target voters for potential removal from state voter rolls and disenfranchisement. *See* Dkt. 24 at PageID.213-14. Those efforts are being driven by self-styled “election-integrity” advocates who have previously used ill-conceived database-matching and database-analysis methods to mass-challenge voters and deny the results of elections, and who now serve in or advise the present Administration. *See id.* at PageID.214-15. And the United States’ own representations to states tend to confirm those suspicions about federal overreach here. *See id.* at PageID.216-17.

Proposed *Amici Curiae* are Common Cause, a nonpartisan, good-government organization dedicated to grassroots voter engagement both nationally and

specifically in Hawai‘i, whose members and whose own work are at risk by the relief sought by the United States in this case, as well as Neil Abercrombie and Katherine Hammes, Hawai‘i voters whose personal, private data is at risk in this litigation. Proposed Amici have a strong interest in preventing disclosure of the most sensitive aspects of Hawai‘i's non-public voter data. Common Cause has an interest in protecting the voting and privacy rights of its members and all Hawai‘i voters. The relief the federal government seeks risks discouraging Hawai‘i residents from registering to vote, undermining its work. And the privacy and voting-rights interests of Common Cause's members and of the individual voter *Amici* are also directly at stake. As such, proposed *Amici* have an interest in this case and seek to provide the Court with additional views in its evaluation of the pending motions to dismiss.

On February 17, 2026, the Court denied Proposed *Amici*'s Motion to Intervene as Defendants. Dkt. 51. In that Order, the Court indicated that the motion was "without prejudice, insofar as they may choose to move for leave to file an amicus brief." *Id.* at PageID.509. Proposed *Amici* opt to do so here as they believe that their perspective would "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

## LEGAL STANDARD

While there is no Federal Rule of Civil Procedure that applies to amicus briefs at the district court level, federal district courts possess the inherent authority to accept amici briefs. *See, e.g.*, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982),

*abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249, n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Linthicum v. Wagner*, No. 6:23-cv-01624-AA, 2023 WL 8602152, at *1 (D. Or. Dec. 12, 2023) ("While there is no rule addressing the filing of an amicus brief in a district court, 'the Ninth Circuit has held that a district court has broad discretion in the appointment of amicus curiae.'" (citation omitted)); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[D]istrict courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure).

The "classic role of amicus curiae" is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co*., 694 F.2d at 204. District courts in the Ninth Circuit routinely grant leave for amicus curiae to appear. *Hoptowit*, 682 F.2d at 1260 (a "a district court has broad discretion to appoint amici curiae," such that an appellate court will not reverse absent abuse of discretion); *see, e.g.*, *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-cv-05736-DGE, 2024 WL 416859, at *1 (W.D. Wash. Feb. 5, 2024); *Kingdom v. Biden*, No. 21-cv-00243-LEK-RT, 2021 WL 4956507, at *1 (D. Haw. Sept. 30, 2021); *Linthicum*, 2023 WL 8602152, at *1 (granting motion to appear as amicus because organization is likely to lend a "unique perspective on the issues presented, which may assist the Court in adjudicating the pending motion"). Leave is generally allowed when "amicus has an interest in some other case that may be affected by the decision in the present case,

or . . . has unique information or perspective that can help the court . . . .” *Cmty. Ass’n for Restoration of Env’t v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citation omitted).

**ARGUMENT**

Proposed *Amici* are a membership organization with more than 4,500 members in Hawai‘i and two individual Hawai‘i voters whose own personal information is at risk in this action. Proposed *Amicus* Common Cause is a nonpartisan organization committed to, inter alia, ensuring that all eligible Hawai‘i voters register to vote and exercise their right of suffrage at each election. Common Cause expends significant resources conducting on-the-ground voter engagement and assistance efforts, including registering qualified individuals to vote, helping voters navigate the vote-by-mail process, encouraging voters to participate, and assisting voters when they experience problems in trying to vote. The success of these efforts, especially with respect to voter registration, depend on voters’ trust that, when they provide personal information to the State as part of the registration process, that information will not be abused, their privacy will be respected, and their right to participate will be honored. As a membership organization that works to advance democracy in Hawai‘i, Common Cause has an interest in this action which places sensitive voter registration at risk. Common Cause has also been engaged in other materially identical lawsuits against other states in which the United States has sought the same information, and so has familiarity with and expertise related to the issues presented in this case.

Proposed *Amicus* Neil Abercrombie is an eligible, registered Hawai‘i voter who formerly served as the seventh Governor of Hawai‘i. Governor Abercrombie has been a Hawai‘i resident for more than 60 years, and he regularly votes in local, state, and federal elections. As a Hawai‘i voter and former state government official, Governor Abercrombie is concerned about the privacy of his and other voters' sensitive information, including because of the ability to use that data to retaliate against voters for political purposes.

Proposed *Amicus* Katherine Hammes is also an eligible, registered Hawai‘i voter; she has been a Hawai‘i resident since 1988, and she became a naturalized United States citizen in 1992. Voting is very important to Ms. Hammes, whose experiences being born in South Africa and being a woman taught her not to take access to the franchise for granted. Ms. Hammes has grave concerns about the federal government's efforts to gain access to voters' sensitive personal information, both because of her previous experience as a victim of identity theft and other unwanted disclosure of her personal records, and because she did not expect that choosing to exercise her right to vote would place her at risk of surveillance, reprisal, or other reckless uses of her sensitive personal data by the federal government. Moreover, as a naturalized citizen, Ms. Hammes is particularly aware of the risk to such voters of being wrongly identified as being ineligible to vote.

First, as further detailed in the attached proposed Brief, proposed *Amici* Common Cause has a strong, direct interest in ensuring that the voting and privacy rights of its members and other Hawai‘i voters are not infringed upon by the disclosure of sensitive personal voter information. As a membership organization,

Common Cause can stand in the shoes of its members to ensure this perspective is brought to the Court. Any decision other than dismissal would imperil voter privacy as well as chill voter participation, including among its members. And for Mr. Abercrombie and Ms. Hammes, this is a critical, personal interest. Proposed *Amici* all have a unique perspective in ensuring both privacy and democracy, the two key values at risk by the expansive disclosure authority claimed by Plaintiff in this case.

Second, proposed *Amicus* Common Cause is presently participating in numerous lawsuits brought by the United States against other states seeking the same unredacted voter records at issue here. *See, e.g.*, Order, *United States v. DeMarinis*, 1:25-cv-03934, Dkt. No. 38 (D. Md. Feb. 2, 2026) (granting intervention to Common Cause, individual voters, and other non-profit organization); Order, *United States v. Thomas*, No. 3:26-cv-21, Dkt. No. 40 (D. Conn. Jan. 29, 2026) (granting intervention to Common Cause and individual voter); Order, *United States v. Wisc. Election Comm'n*, No. 3:25-cv-01036 (W.D. Wisc. Jan. 22, 2026), Dkt. 53 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Pennsylvania*, No. 25-cv-01481 (W.D. Pa. Jan. 16, 2026), Dkt. 105 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Simon*, No. 25-cv-3761 (D. Minn. Jan. 6, 2026), Dkt. 90 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Text Order, *United States v. Amore*, No. 25-cv-00639 (D.R.I. Jan. 6, 2026) (granting intervention as of right to Common Cause, individual voters, and other non-profit organizations); Electronic Order, *United States v. Galvin*, No. 25-cv-13816 (D. Mass. Jan. 6, 2026), Dkt. 30 (granting

intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Oliver*, No. 25-cv-01193 (D.N.M. Dec. 19, 2025), Dkt. 25 (granting intervention to Common Cause and individual voters). As such, proposed *Amicus* is well versed on the law and the arguments that will be brought before the Court and have expertise on voting-related issues that would benefit the Court.

Finally, the proposed participation of *Amici* will not disrupt the briefing schedule. Defendant and Defendant-Intervenors filed their motions to dismiss on February 18, 2026, and the proposed *Amici* have filed the present motion with the attached proposed brief promptly thereafter. As such, Plaintiff will have ample opportunity to review the proposed brief prior to filing its anticipated opposition brief. Because proposed *Amici* do not seek any further appearance in the case, no parties would be prejudiced by their participation.

## CONCLUSION

For the foregoing reasons, the Court should grant Common Cause, Mr. Abercrombie, and Ms. Hammes' motion for leave to file an *amici curiae* brief in support of the pending motions to dismiss.

Dated: February 27, 2026

Respectfully submitted,

*<u>/s/ Emily M. Hills</u>*
EMILY M. HILLS
#11208
JONGWOOK "WOOKIE" KIM
#11020
ACLU of Hawaii Foundation
P.O. Box 3410
Honolulu, HI 96801

THERESA J. LEE*
ETHAN HERENSTEIN*
WILLIAM HUGHES*
SOPHIA LIN LAKIN*
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2500

F: (332) 234-9285
tlee@aclu.org
eherenstein@aclu.org
whughes@aclu.org
slakin@aclu.org

T: (808) 522-5905
F: (808) 522-5909
wkim@acluhawaii.org
ehills@acluhawaii.org

**Admitted pro hac vice*

*Attorneys for Proposed Amici Curiae Common Cause, Neil Abercrombie, and Katherine Hammes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAI'I**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>SCOTT NAGO, in his official capacity as Chief Elections Officer for the State of Hawaii,<br><br>*Defendant*. | No. 1:25-cv-00522-LEK-RT<br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that, on February 27, 2026, true and correct copies of the foregoing document were served upon all counsel of record electronically via CM/ECF.


*/s/ Emily M. Hills*
EMILY M. HILLS #11208
JONGWOOK "WOOKIE" KIM #11020
ACLU of Hawaii Foundation
P.O. Box 3410
Honolulu, HI 96801
T: (808) 522-5905
F: (808) 522-5909
wkim@acluhawaii.org
ehills@acluhawaii.org