HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

CHRISTOPHER J. GARDNER
BRITTANY E. BENNETT
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
150 M St N.E.
Washington, D.C. 20530
Telephone: (202) 812-2631
Email: Christopher.Gardner@usdoj.gov
Email: Brittany.Bennett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT NAGO, in his Official Capacity as Chief Elections Officer of the State of Hawaii,<br><br>Defendant. | CASE NO. 1:25-CV-00522- LEK-RT<br>Judge Kobayashi<br><br>RESPONSE TO RENEWED MOTION TO STAY DKT. 75 |

**INTRODUCTION**

The United States opposes a stay in this case because the orderly administration of justice is enhanced, not frustrated, by the case proceeding on a normal schedule. Title III of the Civil Rights Act of 1960 is a simple statute that was designed to allow swift investigation of state election records. Nothing about the litigation in other states – even in this Circuit – prevents this Court from issuing an appropriate, timely, and lawful Order for a production of records.

**BACKGROUND**

The United States initiated this action on December 11, 2025, though the filing of a Complaint and a Motion to Compel Production of Documents Pursuant to the Civil Rights Act of 1960. This case poses a nearly identical dispute of statutory interpretation as the cases of *United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026) and *United States v. Oregon et al.*, Case No. 6:25-cv-01666-MTK (D. Or.). Expedited scheduling was granted in part, and briefing closes April 24, 2026, for both cases. Defendant now renews his Motion to Stay the Proceedings.

**LEGAL STANDARD**

This Court "has the 'inherent authority to stay federal proceedings pursuant to its docket management powers.'" ECF No. 50 at 3, quoting *Chinaryan v. City of*

*Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024). "When considering whether to grant such a stay, courts must weigh three non-exclusive factors: '(1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."'" *Id.* at 825, quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).

## ARGUMENT

### I.   A stay may cause damage to federal elections.

A stay of this case is not appropriate as the Attorney General of the United States could be frustrated in her duty to ensure state compliance with federal voting law.  While Hawaii claims the United States is not harmed by delay because there is currently no allegation Hawaii is failing in its obligation to maintain its voter lists, case law makes clear that the investigative tool of Title III is primarily aimed at evaluating "possible violations…." *Coleman v. Kennedy*, 313 F.2d 867, 868 (5th Cir. 1963) (per curiam).

Rapidity is a necessity here since should the United States ultimately receive the electronic SVRL and find that Hawaii is deficient in its list maintenance practices, an enforcement action may be necessary to force Hawaii to remove

3

ineligible voters.  Accurate voter rolls ultimately protect the Constitutional rights of all eligible voters by ensuring their vote is not diluted or cancelled out by someone who is not eligible to vote.  *See generally Reynolds v. Sims* 377 U.S. 533 (1964). However, rulings in these enforcement actions are time restricted under the Purcell Principle.  *Purcell v. Gonzales*, 549 U.S. 1 (2006) (*per curium*).  The next general federal election in Hawaii is November 3, 2026, and Hawaii must finish removing nonvoters from its rolls in systemic processes by August 4, 2026. *See* 52 U.S.C. 20507(c)(2)(A). If a ruling in such a case were time-barred under *Purcell,* the eligible voters would be harmed until the next intervening election.

## II.    Defendant will face no hardship in going forward.

Defendant does not incur any additional obligations from the denial of a stay. The United States has already filed its Opposition to the Motion to Dismiss, and the case had previously been set for Oral Argument. Regardless of which way the Court rules in this case, a ruling imposes on Defendant the same obligations he would have had previously—but in a more expeditious manner.

## III.    The orderly course of justice favors denying a stay.

The relief the United States is seeking here is merely an investigatory step.  It does not implicate any action related to voting, voter rolls, or other important 2026 Election mechanisms. Similarly, it is important for the orderly administration of

election integrity and litigation that the Attorney General be able to complete her oversight in an expeditious manner consistent with her duties under federal election statutes.

## CONCLUSION

Understanding that counsel for Officer Nago is unavailable on the date of the previously scheduled hearings, the United States respectfully requests the Court deny the request for a stay and schedule a hearing on this matter at the earliest convenient date so that the matter can be expeditiously resolved.

Respectfully submitted this 19th day of March, 2026,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section


*/s/Christopher J. Gardner*
CHRISTOPHER J. GARDNER
BRITTANY E. BENNETT
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.141
Washington, D.C. 20002
Christopher.Gardner@usdoj.gov
Brittany.Bennett@usdoj.gov
Tel. (202) 704-5430
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing document was served via the email to all counsel of record.

/s/Christopher J. Gardner
CHRISTOPHER J. GARDNER
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430