UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>SCOTT NAGO, IN HIS OFFICIAL<br>CAPACITY AS CHIEF ELECTIONS<br>OFFICER FOR THE STATE OF HAWAII;<br><br>         Defendant. | CIV. NO. 25-00522 LEK-RT |

**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STAY**

On March 5, 2026, Defendant Scott T. Nago, in his official capacity as Chief Elections Officer for the State of Hawai`i ("Defendant"), filed a Renewed Motion to Stay and First Motion to Continue Date of Motions Hearing ("Second Motion to Stay").[1] [Dkt. no. 75.] Plaintiff United States of America ("United States") filed its response to the Second Motion to Stay on March 19, 2026 ("Response"), and Defendant filed his

---

[1] Intervenor-Defendant NAACP California-Hawaii State Conference's ("NAACP CA-HI") Rule 12 Motion, [filed 2/18/26 (dkt. no. 52),] and Defendant's Motion to Dismiss, [filed 2/18/26 (dkt. no. 53),] (collectively "Rule 12 Motions") were scheduled for hearing on April 3, 2026. See Minute Order – EO: Order Setting Briefing Schedule, filed 2/20/26 (dkt. no. 56). Defendant's request to continue the April 3, 3026 hearing, [Second Motion to Stay at 1,] is moot because the April 3, 2026 hearing has already been vacated, pending the outcome of the Second Motion to Stay. See Minute Order - EO: Order Regarding Defendant's Renewed Motion to Stay and First Motion to Continue Date of Motions Hearing, filed 3/6/26 (dkt. no. 77).

reply in support of the Second Motion to Stay on March 25, 2026 ("Reply"). [Dkt. nos. 79, 80.] This matter is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendant's Motion is granted for the reasons set forth below.

**BACKGROUND**

In this case, the United States alleges that Defendant's refusal to comply with the United States' request for the production of election records violates Title III of the Civil Rights Act of 1960, specifically, Title 52 United States Code Section 20703. See Complaint, filed 12/11/25 (dkt. no. 1), at ¶¶ 16-29. The United States seeks, *inter alia*, an order compelling Defendant to provide an electronic copy of the Hawai`i statewide voter registration list, including all fields ("SVRL"). See id. at pg. 9, ¶ B.

On February 2, 2026, Defendant filed a motion seeking a stay of this case, pending the resolution of two anticipated appeals in related cases in other district courts within the Ninth Circuit ("First Motion to Stay"). [Dkt. no. 44.] At the time that Defendant filed the First Motion to Stay, a district court in the Central District of California had dismissed a similar complaint filed by the United States and found that amendment of the complaint would be futile, see United States v.

2

Weber, Case No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026), and a district court in the District of Oregon had orally granted the motions to dismiss another similar complaint by the United States, see United States v. Oregon et al., Case No. 6:25-cv-01666-MTK (D. Or.), Minutes of Proceeding, filed 1/26/26 (dkt. no. 68). This Court denied Defendant's First Motion to Stay, finding that it was speculative whether the United States would file an appeal in Weber and in Oregon, and how long it would take for the Ninth Circuit Court of Appeals to issue decisions if such appeals were filed. See Order Denying Defendant's Motion to Stay, filed 2/4/26 (dkt. no. 50), at 3-4.

The Second Motion to Stay points out that appeals were docketed in both Weber and Oregon on March 3, 2026. [Second Motion to Stay at 1.] After Defendant filed the Second Motion to Stay, a motion to expedite was granted in each appeal, and both appeals are scheduled for oral argument on May 19, 2026. See Reply at 2. Defendant argues "there is significant overlap of the issues between this case and the Weber and Oregon appeals, such that the resolution of those appeals will likely be dispositive of, or at least dispositive of many of the issues presented by, this case." [Second Motion to Stay, Mem. in Supp. at 4 (citation and internal quotation marks omitted).]

## DISCUSSION

> "[This Court] possesses 'inherent authority to stay federal proceedings pursuant to its docket management powers.'" In re PG&E Corp. Sec. Litig., 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting Ernest Bock, LLC v. Steelman, 76 F.4th 827, 842 (9th Cir. 2023)). When considering whether to grant such a stay, courts must weigh three non-exclusive factors: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" Ernest Bock, 76 F.4th at 842 (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)).

See Chinaryan v. City of Los Angeles, 122 F.4th 823, 825 (9th Cir. 2024).

At the outset, this Court notes that, because the Weber and Oregon appeals have been set for expedited briefing schedules and oral argument, a stay pending the Ninth Circuit's decisions in those appeals is likely to be relatively short.

The United States argues that staying this case would frustrate its ability to ensure that the State of Hawai`i ("the State") is complying with federal voting laws. See Response at 3. The United States argues that, if it "ultimately receive[s] the electronic SVRL and find[s] that Hawaii is deficient in its list maintenance practices, an enforcement action may be necessary to force Hawaii to remove ineligible voters." [Id. at 3-4.] The United States emphasizes that the State "must finish

4

removing nonvoters from its rolls in systemic processes by August 4, 2026." [Id. at 4 (citing 52 U.S.C. 20507(c)(2)(A)).] While this Court acknowledges the importance of state compliance with federal voting laws, the United States merely speculates about unspecified noncompliance by the State. Thus, this Court finds that there would be minimal damage to the United States if a stay, which is likely to be brief, is granted.

This Court also finds that the State would not suffer significant hardship or inequity if a stay is denied. Defendant has already filed a consolidated opposition to the Rule 12 Motions, [filed 3/6/26 (dkt. no. 78)]. If the Second Motion to Stay is denied, defense counsel would be required to prepare for and appear at the hearing on the Rule 12 Motions. Even if this Court denies the Rule 12 Motions, this Court would then issue a briefing schedule for the United States' Motion for Order to Compel Records Demanded Pursuant to the Civil Rights Act of 1960 ("Motion to Compel"), [filed 12/11/25 (dkt. no. 5)]. Given the expedited schedule in the Weber and Oregon appeals, it is likely that the Ninth Circuit will issue its decisions in those appeals before this Court rules on the Motion to Compel in the instant case. Thus, it is unlikely that the State would be compelled to take any compliance action before the Ninth Circuit issued its decisions in the Weber and Oregon appeals.

Although the first two factors weigh neither heavily in favor of granting a stay nor heavily in favor of denying a stay, this Court finds that "the orderly course of justice measured in terms of the simplifying . . . issues, proof, and questions of law" weighs heavily in favor of a stay. See Chinaryan, 122 F.4th at 825 (quotation marks and citation omitted). The Ninth Circuit's decisions in the Weber and Oregon appeals will likely be issued within a relatively short period, and the decisions may be dispositive of the instant case.

Having considered all of the relevant factors, this Court finds that it is appropriate to exercise its inherent authority and stay the instant case until the Ninth Circuit issues its decisions in the Weber and Oregon appeals.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Renewed Motion to Stay, filed March 5, 2026, is HEREBY GRANTED. The instant case is STAYED, pending the Ninth Circuit's decisions in the Weber and Oregon appeals.

Defendant is DIRECTED to file a notice advising this Court of the Ninth Circuit's decisions on the Weber and Oregon appeals within seven days after the decisions are issued. This Court will then address the lifting of the stay.

6

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 6, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**UNITED STATES OF AMERICA VS. SCOTT NAGO, ETC.; CV 25-00522 LEK-RT; ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STAY**